IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,               PLAINTIFF,

vs.                                     NO. 23-CR-162-RAW

RYAN JOHN CAPPS,                        DEFENDANT.

### SENTENCING MEMORANDUM

Comes now the Defendant, RYAN JOHN CAPPS, and for his sentencing memorandum submits the following for the court's consideration;

### INDIVIDUALIZED SENTENCING

The United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), held that the sentencing guidelines are advisory only. The guidelines should be used as starting point in sentencing and as the initial benchmark. *Gall v. United States*, 552 U.S. 38, (2007); *Kimbrough v. U.S.*, 552 U.S. 85, (2007); *U.S. v. Serrato*, 742 F. 3d 461 (CA10 2014). A sentencing judge must not only consider the guidelines, but consider the sentencing factors in *18 U.S.C. 3553(a). Booker*, supra. A departure from the sentencing range occurs when the sentencing court reaches a sentence above or below the recommended guidelines range through application of Chapters four or five of the sentencing guidelines. A variance occurs when a sentencing court enhances or detracts from the recommended range through application of the *18 U.S.C. 3553(a)* factors. *U.S. v. Sells*, 541 F. 3d 1227 (10th cir 2008). In reviewing sentences for reasonableness, the Tenth Circuit has stated that the review of the sentence is a two step process. The two steps are procedural reasonableness, which is whether or not the guideline calculation is

1

correct. The other part of the process is a substantive reasonableness. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the *3553(a)* factors. *U.S. v. Avalos-Estrada*, 625 Fed. Appx. 742 (CA10 2013) (unpublished opinion).

## LEGAL BASIS FOR INDIVIDUALIZED SENTENCING

A sentence must be reasonable, which has both procedural and substantive components. In setting a procedurally reasonable sentence, a district court must calculate the proper advisory guideline range and apply the factors in *Section 3553(a)*. A procedurally reasonable sentence must also afford the defendant his rights under the Federal Rules of Criminal Procedure. A substantively reasonable sentence ultimately reflects the gravity of the crime and the *Section 3553(a)* factors as applied to the case. *United States v. Atencio*, 476 F.3d 1099 (10th cir 2007).

It has been the uniform and constant position in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and punishment to ensue. *Gall v. United States,* supra. *Title 18 U.S.C. 3553(a)* governs sentencing in federal court and contains certain factors that mandate this very consideration of the nature and circumstances of the instant offense and the history and characteristics of the defendant as well as the policy considerations of sentencing such as sentence disparity, promoting respect for the law and protection for the public. *18 U.S.C. 3553(a).* In reaching a sentencing decision, a court should carefully balance the nature and seriousness of the offense, the need for deterrence and the need to protect the public, with the history and characteristics of the defendant. *U.S. v. Huckins*, 529 F.3d 1312 (10th cir 2008); *U.S. v. Reyes-Alfonso*, 653 F.3d 1137 (10th cir 2011); *U.S. v.*

2

*Armijo*, 651 F.3d 1226 (10th cir 2011). The Tenth Circuit has held that a sentencing court now has broad discretion to consider individual characteristics like age, employment, and criminal history in fashioning an appropriate sentence under *3553(a)*, even when disfavored under the federal sentencing guidelines or already accounted for in another part of a sentencing guideline calculation. *United States v. Jarvi*, 537 F.3d 1256 (10th cir 2008); *United States v. Sells*, supra.

When crafting a sentence in federal court, the District Court must be guided by the parsimony principle – that the sentence be sufficient, but not greater than necessary to comply with the purposes of criminal punishment, as expressed in *3553(a)*. *U.S. v. Smith,* 756 F.3d 1179 (10th cir 2014)*. Section 3553(a)* is more than a laundry list of discrete sentencing factors. It is rather a tapestry of factors, through which runs the thread of an overarching principle, which is referred to as the parsimony principle. These factors are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public. *United States v. Rodriquez*, 527 F.3d 221 (1st cir 2008); *18 U.S. C. 3553*. The district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of *3553(a)*. *United States v. Martinez-Barragan*, 545 F.3d 894 (10th cir 2008).

### **3553(A) FACTORS**

The statutory sentencing factors are;

1. Nature and circumstances of the offense and history and characteristics of the defendant: The Defendant was born on July 24, 1998. At the time of the offense he was 24. The defendant was raised by both parents and completed high school. The defendant attended four

3

years of college though he did not graduate. The defendant is married and has one infant child born in January of 2024. The defendant remains close with his parents, wife and sibling. After college, the defendant obtained a job as a paraprofessional primarily to help with coaching at Durant Public Schools. As part of his job he also was to be physically present in two study hall classes. The defendant did not have any ability to correct or discipline and had to go to other employees at the school if any such type of action was necessary. The defendant has no criminal record. The only charges ever filed against the defendant are the instant charges that have been filed in Tribal Court, State court and finally federal court. In short a very unremarkable life, free from any type of problems save for not finishing college and the instant charges. There was testimony that the defendant was immature for his age, both by his father and a counselor.

       The nature of the charges is having sexual contact with a minor under the age of 16. The defendant in a non arrest volunteer interview with the Durant police admitted sexual contact with the minor. The defendant cooperated with the police by appearing for an interview and voluntarily surrendered his phone for examination. The issue for the trial was more the nature and extent of counts one and two, as he had previously admitted sexual contact with the minor. The jury resolved these charges against the defendant.

          2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to protect just punishment for the offense. Any sentence of incarceration wherein a person's liberty is taken from them would always in some extent reflect the seriousness of the offense, promote respect for the law and provide just punishment for the law. This was a situational crime in that he was at a school where the interaction with the victim was available and as was testified by one of the government's witnesses, in these times there is a

certain sexual energy that may make these situations wrong but possible.  A sentence less than the life sentence would still promote respect, provide deterrence and reflect the seriousness for the law. Further if this 24 year old defendant is released from incarceration, he faces life time registration as a sex offender and lifetime supervised release.

To provide the Defendant with needed vocational or educational training, medical care, or other correctional care in the most effective manner. Any lengthy prison sentence will afford the defendant the time necessary to obtain educational, rehabilitation or vocational programs. BOP provides the availability of such programs, such as sex offender treatment.

3. The kinds of sentences available: This is a class A felony and the defendant is ineligible for probation. The court may assess supervised release from 5 years to life. The guideline range of supervised release is life due to this crime being a sexual offense. The statutory penalties for count 1 is 10 years to life, count 2 is 15 years to 30 years, and count 3 is up to 15 years. The potential financial penalties are up to $250,000 on each count. There is a mandatory $100 assessment on each count. If restitution is requested, it is available. The guideline range on count 2 is higher than the statutory maximum due to enhancements, thus the guideline range is 360 months on count 2..

4. The kinds of sentence and sentencing range available. See paragraph 3 above.

5. Any pertinent policy statement: The General Application Principles as set out in *1B.1* of the guidelines provide that the court in determining the sentence, may consider, without limitation, any information concerning the background, character and conduct of the defendant. The General Application Principle at *1B1.2* in the commentary in note 6, Background, provides the following; The court must impose a sentence "sufficient, but not greater than necessary", to

comply with the purposes of sentencing set forth in 18 *U.S.C. 3553(a)(2)*.

6. Sentence disparities. According to the PSR, defendant who had the defendant's guideline range ( which we believe is in error on the PSR) generally had a average length of sentence of 348 months and a median sentence of 360 months.

## COUNTS OF CONVICTION, STATUTORY PUNISHMENT AND GUIDELINE RANGE

| COUNT 1 | COUNT 2 | COUNT 3 |
|---|---|---|
| Coercion and enticement | Sexual Exploitation of a Child Use of a Child to Produce a Visual Depiction | Sexual Abuse of a Minor |
| *18 U.S.C. 2422(B)* | *18 U.S.C. 2251(a) and ( c)* | *18 U.S.C. 2243(A)(1)* |
| 10 Years to Life | 15 Years to 30 Years | Up to 15 Years |
| *2G1.3 USSG* | *2G2.1 USSG* | *2A3.2 USSG* |
| Base Offense Level a(3)  28 | Base Offense Level (a)  32 | Base Offense Level (a)  18 |
| Supervisory Capacity (b)(1)(B)  +2 | 12 to 16 Years Old (b)(1)(B)  +2 | Supervisory Capacity (b)(1)  +4 |
| Computer Use (b)(3)(B)  +2 | Supervisory Capacity (B)(5)  +2 | Computer Use (b)(3)  +2 |
| Pattern of Activity *4B1.5(b)*  +5 | Computer Use (B)(6)(B)(ii)  +2 | Pattern of Activity *4B1.5(b)*  +5 |
| Total Base Level  37 | Pattern of Activity *4B1.5(b)*  +5 | Total Offense Level  29 |
| Criminal History 1, Offense Level  37 | Total Base Level  43 | Criminal History I Offense Level 29 |
| 210-262 months | Guideline Range 360 Months (Statutory Maximum) *5G1.1; 1B1.1(a)(8)* | 87-108 months |

The Counts of conviction are to be grouped together pursuant to *3D1.2(b), USSG*. Count 2 representing the highest offense level will control the sentence. In addressing multiple count

convictions, the guidelines provide *that 5G1.1* also apples in multiple count convictions. See commentary *5G1.2(3), USSG*. The guideline sentence is therefore 360 months pursuant to the statutory maximum. The defendant has made objections to the PSR. Those objections are as follows:

1. The offense of conviction for purpose of the guideline calculation is Count 2; a violation of *18 U.S.C. 2251(a) and 2251(e). 2251(a)* provides that the visual depiction must be transmitted in interstate commerce and the use of a computer is a specific example of such transmission. Specific offense characteristic as set out in paragraph 35, i.e., use of a computer, has an enhancement of two levels. This would be impermissible double counting, since the use of a computer or such other device is essential to the violation of the statute.[1] The two level enhancement should be stricken from the calculation. We accordingly object.

2. We object to the enhancement in paragraph 33. In this count of conviction it is the use of the interstate facility to transmit a visual depiction. The paragraph avers that the evidence of the sexual act or sexual contact was that the defendant inserted his finger in the vagina of the victim. This act of the defendant inserting his finger in the vagina of the victim was not in any visual depiction sent over the computer of phone. The act of inserting the finger was related to another count. The two level enhancement should be stricken from the calculation.

3. We object to the two level enhancement set out in paragraph 33. The Defendant was not a teacher, but a "paraprofessional". The defendant was not in any supervisory position. He only was in the classroom and could not discipline any students. If such discipline was needed,

---

[1] We are aware of *U.S. v Keifer*, 760 F. 3d 926 (Ninth Circuit 2014). We feel it is not controlling since there must be the use of an interstate facility and a computer is specifically set out as such an interstate facility.

he had to seek another teacher or principal. In determining this enhancement, the court should look to the actual relationship that existed between the defendant and minor, and not simply to the legal status of the defendant-minor relationship. Commentary note7(A), *2G2.1 USSG*. This two level enhancement should be stricken.

Sustaining of these objections would result in new calculations of the guideline range. In count 2 sustaining of all objections would result in a guideline calculation of Offense Level 37, Criminal History I, 210-262 months, which is the same guideline range as Count 1. Sustaining two of the objections would result in a guideline range of Level 39, criminal history I, 262-327 Months. Sustaining one objection would result in a guideline rang of Offense Level 41, Criminal History I, 324-360 Months.

## SENTENCING REQUEST AND MOTION FOR VARIANCE

The defendant would request the low end of the guideline range due to the criminal history and individual characteristics of the defendant.

The defendant would further request the court to grant a variance down 210-262 months, a six level variance, if all of the objections are not granted. The defendant has produced character letters and has no criminal history. This was an aberration of his conduct. The Defendant was a paraprofessional and had no real authority in the school other than observing the class and asking for help if disciplinary actions were needed. This defendant is an immature individual. A sentence of 210 months certainly fulfills the *3553(a)* factors. It is a significant lengthy sentence with the Defendant being a registered sex offender subject to a lifetime of supervised release. It does not detract from the seriousness of the offense and could supply any

needed sex offense treatment. It is certainly a sentence that is not greater than necessary to comply with the purposes of sentencing in this case.

                                        Respectfully Submitted,
                                        Ryan John Capps, Defendant


                                        By: s/Warren Gotcher
                                        Warren Gotcher, OBA 3495
                                        Gotcher and Beaver
                                        Post Office Box 160
                                        McAlester, Oklahoma 74502
                                        (918) 423-0412
                                        Warren@gotcher-beaver.com


                                CERTIFICATE OF SERVICE

       I hereby certify that on this 4th day of October, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the court will transmit a Notice of Electronic Filing to the following ECF Registrants:

Jessie Kathleen Pippin, AUSA
Jessica Bove, AUSA
Chandler Ladd, P.O.

                                        S/Warren Gotcher
                                        Warren Gotcher