IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. RYAN JOHN CAPPS, *Defendant.* | Case No. CR-23-162-RAW |

### UNITED STATES' SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Jessie Pippin, and respectfully submits the following Sentencing Memorandum:

### I. INTRODUCTION AND BACKGROUND

In August of 2022, Victim started a new school year as an eighth (8th) grader at Durant Middle School. Victim had two classes that fall –Encore and Academic Achievement– taught by teacher and coach, Defendant Ryan John Capps. Shortly after Halloween, a group of Durant students approached administration to report what they believed to be an inappropriate relationship between the Defendant and Victim. Based on the report by these students, Durant Middle School Principal Cheryl Conditt contacted the Durant Police Department to make a report.

Victim was forensically interviewed and disclosed that the Defendant inserted his fingers into her vagina on at least three (3) occasions, including once in his classroom at Durant Middle School. Additionally, the Defendant consistently "begged" Victim for nude pictures and videos, and even directed Victim to make a video of her touching her vagina to send to him. The Defendant sent Victim both nude photographs and videos of his penis and of him masturbating. Victim believed that she and the Defendant were in a relationship and she felt special because she could "pull a teacher." Victim's

phone was seized at the time the report was made. Upon forensic examination of her device, multiple items of evidentiary value were located.

Detectives with the Durant Police Department conducted an interview of the Defendant based on the report of an inappropriate relationship. While the Defendant initially lied to law enforcement by telling them he had never been alone with nor communicated with Victim, once confronted by the detectives, the Defendant made several incriminating statements. He identified two Snapchat accounts that he utilized, ryancapps1144 and golfer102. He admitted to sending Victim pictures of his penis and that he received a nude picture from Victim. The Defendant also admitted to inserting his finger into Victim's vagina and when prompted by detectives, the Defendant traced the hand he used on paper and circled the fingers he inserted into her vagina. The Defendant also described an instance where Victim touched his penis underneath his clothing.

On September 13, 2023, a grand jury returned a three-count Indictment, charging Defendant with: Count 1, Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), relating to events which occurred beginning in or about September 2022 and continuing until in or about November 2022; Count 2, Sexual Exploitation of a Child/Use of a Child to Produce a Visual Depiction, in violation of 18 U.S.C. §§ 2251(a) and (e), relating to events which occurred beginning in or about September 2022 and continuing until in or about November 2022; and Count 3, Sexual Abuse of a Minor in Indian Country, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(C), 1151, and 1153, relating to events which occurred beginning in or about September 2022 and continuing until in or about November 2022. On May 1, 2024, the Defendant was found guilty by jury as to all three counts of the Indictment.

## II. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a) AND REPONSE TO DEFENDANT'S MOTION FOR VARIANCE

The goal of sentencing is to achieve a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). In doing so, the Court must account for a variety of factors specific to the particular defendant

and particular case. The framework for determining an appropriate sentence is set forth in § 3553(a). Specifically, § 3553(a) requires that the court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstance of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to the victims of the offense.

Here, Defendant's criminal conduct is extremely serious and demands an appropriately serious sentence, as has been recommended in the Presentence Investigation Report. Despite his conviction by a federal jury, the Defendant has failed to take responsibility for his actions. The Defendant was convicted of sexually abusing a fourteen-year-old child. At trial, the Defendant testified that it was the Victim, at 14-years-old, who forced him to commit the criminal acts alleged in the Indictment. Moreover, the Defendant's own witnesses attempted to minimize the egregious conduct of the Defendant by calling him "immature," and lacking a college education. The Defendant's arguments are offensive to a victim of sexual abuse. The Defendant, a grown man and employed professional, identified a middle school student and actively sexually exploited her over a period of time.

Victim was merely an eighth grader at Durant Public Schools. Instead of attending class, making friends, and completing her schoolwork, she was exploited and sexually abused by someone placed in a position of authority at her school. She was put in an untenable position for a fourteen-year-old. The nature and circumstances of the offense are such that this Defendant should be sentenced within his guideline range, as it is sufficient, but not greater than necessary to comply with the provisions set forth in 18 U.S.C. § 3553(a).

In considering the need to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, and provide for adequate deterrence and protection of the public, the Court should consider that the Defendant has failed to take any responsibility for his actions. Even after being found guilty by a jury, the Defendant has still failed to take responsibility for his crimes. That failure to take responsibility should weigh heavily in favor of a significant sentence to show this Defendant that this is a serious offense. The Defendant poses a significant threat to young girls in our society, as he fails to grasp the severity of what he has done. In addition, a significant sentence will provide adequate deterrence to this Defendant, as well as to other's who might commit similar crimes.

Lastly, the Defendant argues in his Motion for Downward Variance that he will suffer several "collateral consequences" as a result of his conviction. He points out that his engagement is permanently suspended, that he will no longer be able to help his father or grandmother in their old age, and that he will face "social stigmatism" for being a registered sex offender. But these are the consequences any Defendant would face when convicted of raping a child. While they may seem unfair to the Defendant now, he should have considered that before he took advantage of a child in his home in the worst possible way an adult can take advantage of a child. These "collateral consequences" are not a justification for a downward variance.

### III. RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

A. *Response to Defendant's Objection in Paragraph 1*

The Defendant objects to the application of the enhancement at §2G2.1(b)(6)(B) because he claims it would constitute "double counting," because the statute includes "use of a computer" as an example of transmission of interstate commerce. This argument has been profoundly rejected by the 2nd, 5th, 6th, 7th, 10th, and 11th Circuits. *See United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013); *United States v. Richardson*, 713 F.3d 232 (5th Cir. 2013); *United States v. Lewis*, 605 F.3d 395 (6th Cir.2010); *United States v. Tenuto*, 593 F.3d 695 (7th Cir. 2010); *United States v. Miller*, 318

Fed. Appx. 701 (10th Cir. 2009) (unpublished); *United States v. Artello*, 562 Fed. Appx. 822 (11th Cir. 2014) (unpublished). The statutory language does not require the Defendant to utilize a computer to violate 18 U.S.C. § 2251(a), thus the enhancement has been properly applied.

B. *Response to Defendant's Objection in Paragraph 2*

The Defendant objects to the application of the enhancement at §2G2.1(b)(2)(A) for commission of a sexual act or contact, arguing that he did not insert his finger into Victim's vagina *in any visual depiction*. However, as defined in 18 U.S.C. § 2246(3), sexual contact includes masturbation. Several circuits have supported this interpretation, including the 3rd, 5th, 6th, 8th, and 11th Circuits. *See United States v. Pawlowski*, 682 F.3d 205 (3rd Cir. 2012); *United States v. Butler*, 65 F.4th 199 (5th Cir. 2023); *United States v. Shafer*, 573 F.3d 267 (6th Cir. 2009); *United States v. Raiburn*, 20 F.4th 416 (8th Cir. 2021); *United States v. Aldrich*, 566 F.3d 976 (11th Cir. 2009). Therefore, the enhancement has been properly applied because Victim is depicted in the videos engaging in acts of masturbation at the Defendant's request.

C. *Response to Defendant's Objection in Paragraph 3*

The Defendant objects to the application of the enhancement of §2G2.1(b)(5) which is applied because Victim was in the custody, care, or supervisory control of the Defendant. Application Note 5 of the United States Sentencing Guidelines is clear that "[s]ubsection (b)(5) is intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently." In this case, Victim testified at jury trial that the Defendant was a teacher at Durant Middle School whose class she had for two separate classes each school day. The enhancement has been properly applied in this case.

## IV. CONCLUSION

The sexual abuse Defendant perpetrated on Victim has caused an unknowable amount of pain and anguish. Victim testified that she was greatly affected by what occurred at the hands of the

Defendant. Victim's life was forever changed by the acts of this Defendant and because of that, she will live with the consequences of Defendant's abuse for the rest of her life. So should the Defendant.

The United States respectfully asks that the Court sentence the Defendant within the guideline range, deny the Defendant's Motion for a Downward Variance, and sentence the Defendant to life on Count One, 360 months on Count 2, and 180 months on Count 3.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/ Jessie K. Pippin
JESSIE K. PIPPIN, OBA # 33905
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100
Fax: (918) 684-5150
Jessie.Pippin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Warren Gotcher, Counsel for Defendant

s/ Jessie K. Pippin
JESSIE K. PIPPIN
Assistant United States Attorney